UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY WHEELER,

        Plaintiff,

v.                                             Case No. 08-C-119

MICHAEL BALSKUS,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Wheeler, who is proceeding *pro se*, is currently incarcerated at Oshkosh Correctional Institution. He has filed a document that begins "Dear Sir / Madam:" and sets forth what he describes as a complaint of prosecutorial misconduct against Michael Balskus, the assistant district attorney who prosecuted Wheeler.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. His current trust account balance is zero, and thus it appears that he lacks the funds to pay any meaningful initial partial filing fee. 28 U.S.C. § 1915(b)(4). The initial partial filing fee is therefore waived. Leave to proceed *in forma pauperis* will be granted, meaning that the entire fee will be deducted from his account over time.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Wheeler sets forth a complaint involving malicious prosecution, perjury and conspiracy between the DA's office and the Oshkosh Police Department. Although such allegations, if true, could clearly violate the Constitution, recourse to a federal civil lawsuit is not the appropriate first step for a plaintiff like Wheeler. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the plaintiff lodged a civil rights complaint for malicious prosecution, but the Supreme Court found that he must first have his conviction invalidated before he could bring a civil claim for damages.

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted).

Here, I note that the complaint does not seek damages; nor does it cite § 1983. Nevertheless, to the extent Wheeler seeks to bring a civil action for damages, the claim is barred by *Heck v. Humphrey*. To the extent he is attempting to lodge a sort of ethical complaint against Michael Balskus, a federal lawsuit is not the proper forum. Either way, it is clear that the complaint must be dismissed. If Wheeler believes his custody violates the Constitution, he should bring an action in state court challenging that custody.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this   15th   day of February, 2008.

                                                         s/ William C. Griesbach
                                                         William C. Griesbach
                                                         United States District Judge